THOMAS, Judge,
concurring specially.
I agree that the juvenile court’s judgment terminating the mother’s parental rights should be affirmed. Grounds for termination existed, the mother was not entitled to more time in which to rehabilitate herself, and awarding custody to the maternal grandparents was not truly a viable alternative to terminating the mother’s parental rights. In addition, I agree with Judge Moore that the present method by which we terminate parental rights is not in accordance with either the Child Protection Act, codified at Ala.Code 1975, § 26-18-1 et seq., or the Adoption and Safe Families Act of 1997, codified at, among other places, 42 U.S.C. § 675, or portions of our Juvenile Justice Act, codified at Ala.Code 1975, § 12-15-1 et seq. I write specially to point out that the procedure outlined in our statutes, as explained by Judge Moore in his special writing, will improve the process by which our juvenile courts terminate parental rights.
The shift in procedure advocated by Judge Moore and supported by the language in our statutes will do little more than change the order in which our juvenile courts conduct proceedings in depen *68 dency and termination cases. Our juvenile courts routinely hold permanency hearings, as required by § 12-15-62(c), If the juvenile courts were to follow the procedure outlined in our statutes and explained by Judge Moore, those hearings will continue but will become vitally important, as they should be. The Department of Human Resources routinely investigates potential relative resources for children who are removed from the custody of their parents from the time of removal and certainly at the first Individualized Service Plan (“ISP”) meeting, both because of the shortage of suitable foster homes and because relative placements are viewed as being less traumatic for the children. Requiring that a juvenile court consider and either accept or reject relative placement at the 12-month permanency hearing when deciding whether the case should proceed to a termination hearing would place the emphasis at the permanency hearing where it belongs — on determining what permanent alternative serves the best interest of the children; likewise, this procedure will place the emphasis of the termination-of-parental-rights hearing where it rightfully belongs — on the grounds for termination.